IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LARRY JAMES BUDOW,**<br>    **ID # 02080543,**<br>        **Petitioner,**<br><br>vs.<br><br>**DIRECTOR, Texas Department of Criminal**<br>**Justice, Correctional Institutions Division,**<br>        **Respondent.** | )<br>)<br>)<br>)<br>)    No. 3:19-CV-368-B-BH<br>)<br>)<br>)<br>)    Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on February 14, 2019 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DISMISSED** for lack of jurisdiction.

## I.   BACKGROUND

Larry James Budow (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges his April 28, 2016 conviction and sentence for assault in the County Criminal Court No. 9 of Dallas County, Texas. (*See* doc. 3 at 1.) The respondent is the Director of TDCJ-CID (Respondent).

**A.   State Court Proceedings**

In 2014, Petitioner was convicted of aggravated assault with a deadly weapon in Case No. 401-80851-2012 in the 401st Judicial District Court of Collin County, Texas (Collin County case). (*See* doc. 10-1 at 2-5.)[2] He was sentenced to 10 years' imprisonment in TDCJ-CID and ordered

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to pay a $10,000 fine, but his sentence of imprisonment was suspended, and he was placed on community supervision for ten years. (*See id.* at 2.)

After being charged by information, Petitioner was convicted by a jury on April 28, 2016, of misdemeanor assault in Case No. M-1645409[3] in the County Criminal Court No. 9 of Dallas County, Texas (Dallas County case), and he was sentenced to 90 days' imprisonment in the Dallas County Jail. (*See* doc. 10-2 at 2.) He completed his sentence and was released in June 2016. *See Notice of Disposition*, *State v. Budow*, No. M-1645409 (Cnty. Crim Ct. No. 9, Dallas Cnty, Tex. June 10, 2016). On April 28, 2017, the judgment in the Dallas County case was affirmed. *See Budow v. State*, No. 05–16–00572–CR, 2017 WL 1549235 (Tex. App.—Dallas Apr. 28, 2017, pet. ref'd). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review (PDR) in the Dallas County case on September 13, 2017. *See Budow v. State,* No. PD-0544-17 (Tex. Crim. App. Sept. 13, 2017). On March 30, 2018, his state habeas application was denied by the trial court because his 90-day sentence had been discharged on or about June 14, 2016, he had not shown that he was confined or restrained on the conviction, and he had not asserted further collateral consequences related to the conviction. (*See* doc. 3 at 21). On December 4, 2018, the intermediate state appellate court dismissed Petitioner's appeal of the denial for lack of jurisdiction. (*See* doc. 3 at 32-36); *Ex parte Budow*, No. 05–18–01168–CR, 2018 WL 6322176 (Tex. App.—Dallas Dec. 4, 2018, no pet.). He did not file a PDR with the Texas Court of Criminal Appeals on his state habeas application.

While his Dallas County case was on appeal, on June 22, 2016, Petitioner's community

---

[3] The state court judgment and Respondent identify the case number of the challenged conviction as Cause No. MA 1645409K. (*See* doc. 10 at 2-5; doc. 10-2 at 2.) Petitioner identifies the challenged case as M16-45409 in his § 2243 petition. (*See* doc. 3 at 1.) On appeal to the intermediate state court of appeals and the Texas Court of Criminal Appeals, the case is identified as Case No. M-1645409. For purposes of consistency, the Court identifies Petitioner's 2016 assault conviction in the County Criminal Court No. 9 of Dallas County, Texas, as Case No. M-1645409.

2

supervision in the Collin County case was revoked.  (*See* doc. 10-1 at 6.)

**B.**   **Substantive Claims**

In his § 2254 petition, Petitioner challenges his conviction in the Dallas County case on the following grounds:

(1) Jury charge was different from the actual charge findings.  Jury stated different circumstances;

(2) Violation of 6th Amendment right to confront accusers;

(3) [Petitioner] suffered and continues to suffer egregious harm from this conviction;

(4) Exculpatory evidence withheld by prosecutor; and

(5) Ineffective assistance of counsel.

(doc. 3 at 5, 7-8, 10, 12.)  Respondent filed a response on April 26, 2019, arguing for dismissal as an improper respondent in this action.  (*See* doc. 10.)  Petitioner did not file a reply.

## II.   PROPER RESPONDENT

Respondent, through the Attorney General of Texas, argues for dismissal on grounds that he is an improper respondent because the TDCJ-CID does not have custody of Petitioner based on the challenged Dallas County conviction.  (*See* doc. 10 at 1, 4-5.)  He states that Petitioner is currently in TDCJ-CID custody for the Collin County case, but "was convicted [in the Dallas County case] by the Dallas County District Attorney's Office and sentenced to confinement in the Dallas County Jail, not in the [TDCJ-CID]."  (*Id.* at 4.)

The state records show that Petitioner is not in TDCJ-CID custody on the Dallas County case and had fully served the 90-day sentence imposed in that case when he filed his § 2254 petition.  Consequently, Respondent is not a proper respondent in this action.  Because, as discussed below, it appears that jurisdiction over his § 2254 petition is lacking, the appropriate

3

respondent need not be identified, substituted and/or ordered to answer.

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional prerequisite, and a petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Generally, one satisfies the "in custody" requirement when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *See Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

In *Lackawanna Cnty. Dist. Attorney v. Coss,* 532 U.S. 394, 401-02 (2001), the Supreme Court reasserted its holding in *Maleng* that where a petitioner has already served his sentence for

a conviction, a § 2254 habeas petition can be construed as asserting a challenge to a subsequent conviction if the petitioner alleges that the second conviction is being enhanced by the invalid prior conviction. Applying *Coss,* the Fifth Circuit held in *Brattain v. Cockrell,* 281 F.3d 1279, 2001 WL 1692470 (5th Cir. 2001) (per curiam), that a habeas petitioner satisfied the custody requirement under § 2254 for jurisdictional purposes despite having completed the sentence for the challenged conviction prior to filing his § 2254 petition because he had made a reasonable showing that the challenged conviction had been used to revoke his parole in a prior case. *See* 2001 WL 1692470, at *2. Noting that § 2254 "jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration," the Fifth Circuit held in *Williams v. Dretke,* No. 05-20303, 2006 WL 707135 (5th Cir. 2006) (per curiam), that the record did not support dismissal of a § 2254 petition where the petitioner argued that the expired conviction he was challenging was the sole reason used to revoke his prior parole. 2006 WL 707135, at *1 (quoting *Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979))

In this case, Petitioner had fully served his 90-day sentence in the Dallas County case when he filed his § 2254 petition, but he claims that his "[c]onviction on this matter resulted in [Petitioner's] probation being revoked and the full 10 year sentence and $10,000 fine being put into action" in the earlier Collin County case. (doc. 3 at 8.) His allegations are refuted by the rulings of the state court, however. On appeal of the revocation of his community supervision in the Collin County case, Petitioner argued that the trial court erred when it revoked his community supervision based on his Dallas County conviction, which was also on appeal at the time. *See Budow v. State*, No. 05–16–00885–CR, 2017 WL 2730496, at *1 (Tex. App.—Dallas June 26, 2017, pet. ref'd). The state intermediate appellate court rejected the argument, finding that Petitioner's community supervision in the Collin County case "was not revoked because he was

5

convicted of another offense; it was revoked because he *committed* another offense. The State did not put on evidence [at the revocation hearing] of a conviction for assault, but rather evidence that appellant committed an assault." *Id.* at *2 (emphasis in original). Petitioner's PDR was refused by the Texas Court of Criminal Appeals. *See State v. Budow*, PD-0783-17 (Tex. Crim. App. Dec. 13, 2017).

"Although the same underlying criminal *conduct* may have led to both the parole revocation and the later criminal conviction, that alone is not sufficient to satisfy the custody requirement" in this § 2254 action. *Mitchell v. Tanner*, No. 13-4918, 2014 WL 222071, at *3 (E.D. La. Jan. 21, 2014) (emphasis in original) (finding that the petitioner was not in custody under § 2254 where the challenged conviction was not a ground for his parole in another action). Unlike *Brattain*, where the petitioner satisfied the "in custody" requirement because there was a dispute whether the petitioner's parole in an earlier case was revoked "'because of' a later conviction, "or because the conduct he was accused of violated the terms of his parole independent of the conviction," there is no dispute in this case. *Brattain*, 2001 WL 1692470, at *2. The state appellate court has expressly held that Petitioner's community supervision was not revoked because of the conviction in the Dallas County case. *See Budow*, 2017 WL 2730496, at *1.

Accordingly, Petitioner has failed to make a reasonable showing that his challenged conviction in the Dallas County case caused the revocation of his community supervision in the Collin County case, and he has failed to show the existence of a positive, demonstrable relationship between the challenged conviction and his current incarceration. He is therefore not in custody for purposes of § 2254 on the challenged conviction, and the petition should be dismissed for lack of jurisdiction.

6

## IV. RECOMMENDATION

The *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on February 14, 2019 (doc. 3), should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 8th day of November, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE